UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| RONALD WHITE and PHYLLIS WHITE,<br><br>Plaintiffs,<br><br>v.<br><br>MORTGAGE ELECTRONIC REGISTRATION, INC. and MERS, *et al.*,<br><br>Defendants. | Case No. C17-0906RSM<br><br>ORDER DENYING PLAINTIFF'S MOTION FOR TEMPORARY RESTRAINING ORDER |

THIS MATTER comes before the Court on Plaintiff's Motion for Temporary Restraining Order ("TRO"). Dkt. #4. Plaintiffs move the Court for a TRO against Defendants to restrain the sale of their real property which is allegedly scheduled for sale on Friday, June 16, 2017. *Id.* As discussed herein, this motion is DENIED.

On June 12, 2017, Plaintiffs filed a *pro se* civil Complaint. Dkt. #3. The Complaint appears to consist of a string of paragraphs cut and pasted from a variety of different documents, which, when read together, make little sense. *Id.* From what the Court can discern, the Plaintiffs appear to challenge the foreclosure sale of their home.[1] Plaintiffs allege that they were induced to sign a mortgage loan agreement with Guaranteed Rate, Inc., and they have paid approximately

---

[1] Plaintiffs do not actually identify the subject piece of real property by address or other means in their Complaint. Plaintiffs identify a current address of 807 East Stanley Place, Granite Falls, WA 98252, but it is not clear that this is the piece of property at issue. Dkt. #3 at 4.

ORDER DENYING PLAINTIFFS' MOTION
FOR TEMPORARY RESTRAINING ORDER - 1

$76,800 in loan payments, but that after they signed the loan documents, the full value of the loan was never paid to them. *Id.* at ¶¶ 8-12. They allege that Guaranteed Rate, Inc. provided them with a check from a commercial bank that had insufficient funds to cover the amount of the check. *Id.* at ¶¶ 13-16. They further allege that this was part of a "check kiting scheme," and that Defendants were committing fraud by charging interest on "non-existant [sic] funds." *Id.* at ¶¶ 17-19. As a result, Plaintiffs allege a number of claims, many of which are incomprehensible. For example, Plaintiffs allege as follows:

> **Claim I:** The averments of the previously numbered paragraphs are restated herein **article 1. Section 10 of the U.S. Constitution this is in dispute between parties.**
>
> **Plaintiffs [sic] position** is that the U.S. Constitution article 1. Section 10 of the U.S. Constitution has not been amended/Modify BY the Required 2/3 VOTE of the States Legislators.
>
> **Claim II:** The averments of the previously numbered paragraphs are restated by reference herein **Parties are in dispute of what the U.S. Constitution is/represents.**
>
> **Plaintiffs [sic] position**, the U.S. Constitution is a Limitation upon the power of government both State/federal government.

Dkt. #3 at 11 (bold in original). Plaintiffs go on to allege that there has been a breach of contract, that the parties dispute whether there is a legally binding contract, there has been a breach of oral promises, and that there have been a variety of violations of the Washington State Constitution. *Id.* at 11-24. Finally, Plaintiffs allege that attempts to collect on the debt violates various federal statutes, and that it also constitutes involuntary servitude. *Id.* As a result, Plaintiffs ask for monetary damages, a declaration that their mortgage note, trust and deed are null and void, and an injunction requiring Defendants to divest themselves of any assets taken from Plaintiffs. *Id.* at 25.

At the same time, Plaintiffs have filed a Motion for TRO. Dkt. #4. In that motion, Plaintiffs appear to be seeking an Order precluding a foreclosure sale planned for Friday, June 16, 2017. *See* Dkt. #4 at ¶ 2. Again, Plaintiffs do not identify the subject property, but list their current residence, which the Court presumes is the property at issue. Dkt. #4-1.

Plaintiffs appear to argue that a restraining order and injunction should issue under the Washington Deed of Trusts Act ("DTA"), RCW Chapter 61.24, *et seq*. With regard to the DTA, Plaintiffs have failed to show that they gave any defendant or the trustee the requisite 5 days' notice or that they are able to make the requisite payments to the Court's registry. RCW 61.24.130. In fact, while Plaintiffs have asserted that they mailed copies of their Complaint and this motion to Defendants, no Declarations of Service have been provided, nor have any dates of service been provided. Therefore, the Court DENIES the motion for a temporary restraining order under the DTA.

To the extent that Plaintiffs seek a restraining order under this Court's inherent power to issue such an order, that request will also be DENIED. In order to succeed on a motion for temporary restraining order, the moving party must show: (1) a likelihood of success on the merits; (2) a likelihood of irreparable harm to the moving party in the absence of preliminary relief; (3) that a balance of equities tips in the favor of the moving party; and (4) that an injunction is in the public interest. *Winter v. Natural Res. Def. Council, Inc.*, 555 U.S. 7, 20, 129 S. Ct. 365, 172 L. Ed. 2d 249 (2008). The Ninth Circuit employs a "sliding scale" approach, according to which these elements are balanced, "so that a stronger showing of one element may offset a weaker showing of another." *Alliance for the Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

The Court finds that Plaintiffs have presented insufficient evidence to warrant granting a TRO in this case. First, it is not at all clear that any of the Defendants have been served by Plaintiffs with the instant Motion or even their lawsuit. *See* Local Rule 65(b)(1) ("Motions for temporary restraining orders without notice to and an opportunity to be heard by the adverse party are disfavored and will rarely be granted.").

Second, even if all Defendants have received notice, Plaintiffs have failed to meet their burden of demonstrating a likelihood of success on the merits in this case. Indeed, Plaintiffs provide no legal argument in support of their position. While, they cite to *Bain v. Metropolitan Mortgage*, 175 Wn.2d 83, 285 P.2d 34 (2012), that case stands for the proposition that only the actual holder of the promissory note or other instrument evidencing the obligation may be a beneficiary with the power to appoint a trustee to proceed with a nonjudicial foreclosure on real property. *Bain*, 175 Wn.2d at 89. However, Plaintiffs fail to identify who is attempting to foreclose on the house, and why such entity does not have authority to foreclose. In fact, they have failed to attach a single document even demonstrating that a foreclosure is about to occur.

In Washington, "[a] mortgage creates nothing more than a lien in support of the debt which it is given to secure." *Pratt v. Pratt*, 121 Wash. 298, 300, 209 P. 535 (1922) (citing *Gleason v. Hawkins*, 32 Wash. 464, 73 P. 533 (1903)); *see also* 18 STOEBUCK & WEAVER, *supra*, § 18.2, at 305. This case appears to involve a mortgage secured by a deed of trust on the mortgaged property. Such a deed does not convey the property when executed; instead, "[t]he statutory deed of trust is a form of a mortgage." 18 STOEBUCK & WEAVER, *supra*, § 17.3, at 260. "More precisely, it is a three-party transaction in which land is conveyed by a borrower, the 'grantor,' to a 'trustee,' who holds title in trust for a lender, the 'beneficiary,' as security for credit or a loan the lender has given the borrower." *Id.* Title in the property pledged as security

ORDER DENYING PLAINTIFFS' MOTION
FOR TEMPORARY RESTRAINING ORDER - 4

for the debt is not conveyed by the deed, even if "on its face the deed conveys title to the trustee, because it shows that it is given as security for an obligation, it is an equitable mortgage." *Id.* (citing GRANT S. NELSON & DALE A. WHITMAN, REAL ESTATE FINANCE LAW § 1.6 (4th ed. 2001)).

When secured by a deed of trust that grants the trustee the power of sale if the borrower defaults on repaying the underlying obligation, the trustee may usually foreclose the deed of trust and sell the property without judicial supervision. *Id.* at 260-61; RCW 61.24.020; RCW 61.12.090; RCW 7.28.230(1). Trustees have obligations to all of the parties to the deed, including the homeowner. RCW 61.24.010(4) ("The trustee or successor trustee has a duty of good faith to the borrower, beneficiary, and grantor."); *Cox v. Helenius*, 103 Wn.2d 383, 389, 693 P.2d 683 (1985) ("[A] trustee of a deed of trust is a fiduciary for both the mortgagee and mortgagor and must act impartially between them." (citing GEORGE E. OSBORNE, GRANT S. NELSON & DALE A. WHITMAN, REAL ESTATE FINANCE LAW § 7.21 (1979))). Among other things, "the trustee shall have proof that the beneficiary is the owner of any promissory note or other obligation secured by the deed of trust" and shall provide the homeowner with "the name and address of the owner of any promissory notes or other obligations secured by the deed of trust" before foreclosing on an owner-occupied home. RCW 61.24.030(7)(a), (8)(*l*).

Likewise, Plaintiffs fail to demonstrate that they have a valid claim for involuntary servitude. The Thirteenth Amendment provides:

> Section 1. Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction.
>
> Section 2. Congress shall have power to enforce this article by appropriate legislation.

ORDER DENYING PLAINTIFFS' MOTION
FOR TEMPORARY RESTRAINING ORDER - 5

U.S. CONST. AMEND. XIII. There is no private right of action pursuant to the Thirteenth Amendment itself. *See City of Memphis v. Greene*, 451 U.S. 100, 128, 101 S. Ct. 1584, 67 L. Ed. 2d 769 (1981) (holding that unless there is a violation of legislation enacted under § 2 of the Thirteenth Amendment, there is no violation of the Thirteenth Amendment); *see Palmer v. Thompson*, 403 U.S. 217, 226-27, 91 S. Ct. 1940, 29 L. Ed. 2d 438 (1971). Accordingly, Plaintiffs must proceed under one of the Thirteenth Amendment's implementing statutes. However, Plaintiffs Complaint fail to plead facts to plausibly suggest that Defendants acted under color of state law (which is necessary to support claims under 42 U.S.C. § 1983) or that they engaged in any conduct that might violate 18 U.S.C. §§ 1581-1596.

Similarly, Plaintiffs fail to plead with any sufficiency facts that would demonstrate a likelihood of success on the merits on the alleged violation of the Fair Debt Collection Practices Act ("FDCPA"), the Collection Agency Act, Washington's Consumer Protection Act, or any federal Constitutional violation. As a result, based on a review of the current record, the Court is not convinced that Plaintiffs are likely to succeed on the merits of the instant matter.

Finally, it is not clear from the extremely limited information presented why the sale of this property will cause Plaintiffs harm that cannot be redressed should they be successful in their action before the Court.

Given these deficiencies, the Court hereby finds and ORDERS that Plaintiffs' Motion for Temporary Restraining Order (Dkt. #4) is DENIED.

DATED this 14 day of June 2017.

RICARDO S. MARTINEZ
CHIEF UNITED STATES DISTRICT JUDGE